# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2013

No. 13-30554
Summary Calendar

Lyle W. Cayce
Clerk

STEWART V. GLASCOCK; FAYE GLASCOCK,

Plaintiffs-Appellants

v.

MEDICAL DEPOT, INCORPORATED, doing business as Drive Medical
Design & Manufacturing,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-305

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Stewart V. Glascock and Faye Glascock, husband and wife (the "Glascocks") sued Defendant-Appellee Medical Depot, Incorporated ("Medical Depot") for damages incurred by Mr. Glascock when he fell from a "cane seat" – a walking cane that folds out to become a seat – manufactured by Medical Depot. The Glascocks advanced claims under the Louisiana Products

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30554

Liability Act grounded in improper design, construction, and failure to warn; and, alternatively, under *res ipsa loquitur*. Medical Depot filed a motion for summary judgment seeking dismissal of the Glascocks' claims. Following the parties' submission of summary judgment evidence, including testimony of competing experts, the district court entered judgment in favor of Medical Depot, dismissing the Glascocks' action, and they appealed.

We have carefully reviewed the record on appeal, including the briefs of the parties and the district court's patiently detailed Ruling on Motion for Summary Judgment, all of which convinces us that the district court's judgment was providently granted. Even though the Glascocks' evidence presented issues of disputed fact, it does not rise to the level required to make such disputes "genuine," as required to avoid summary judgment. The Glascocks might have been able to meet the standard of genuine issues of disputed fact had they adduced a deeper and broader quality of evidence, particularly their expert testimony, but they failed to do so in both their products liability claim and their assertion of *res ipsa loquitur* – as surgically analyzed and rejected by the district court in its aforesaid Ruling. For essentially the same reasons and reasoning set forth therein, that court's judgment is

AFFIRMED.